1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

8

### EASTERN DISTRICT OF CALIFORNIA

9
10
11

| | |
|---|---|
| GARDINER FAMILY, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; AND ROSEDALE FARMING GROUP, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY, | Case No. 1:15-CV-00751-LJO-JLT |
| Plaintiffs, | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS. |
| v. | (Doc. 6) |
| CRIMSON RESOURCE MANAGEMENT CORP., A COLORADO CORPORATION; AND DOES 1 THROUGH 50, | |
| Defendants. | |

12
13
14
15
16
17
18
19
20
21
22

Before the Court in the above-styled and numbered cause of action is Defendant Crimson

23

Resource Management Corporation's ("Crimson") Motion to Dismiss, filed July 7, 2015. (Doc. 6).

24

Plaintiffs Gardiner Family, LLC ("Gardiner Family"), and Rosedale Farming Group, LLC ("Rosedale

25

Farming") (together, "Plaintiffs") filed their Opposition on July 28, 2015 (Doc. 10), and Defendants

26

filed their Reply on August 4, 2015 (Doc. 11). The matter is appropriate for resolution without oral

27

argument. *See* Local Rule 230(g).  Having considered the record in this case, the parties' briefing, and

28

the relevant law, the Court will deny Defendant's motion for the reasons set forth below.

**BACKGROUND**

Plaintiffs assert that this Court has original jurisdiction on the basis of diversity. Plaintiffs originally filed in federal court on May 15, 2015, asserting federal jurisdiction arises under 28 U.S.C. § 1332(a)(1), on the grounds that the instant dispute involves citizens of different states and the amount in controversy exceeds $75,000.00. *See* Compl., Doc. 1.

Defendants here do not challenge that diversity of citizenship provides an independent basis of subject matter jurisdiction. *See Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 25 n. 32 (1983). It is uncontroverted that Plaintiffs allege damages in excess of the threshold $75,000.00 amount in controversy requirement. *See id.*; Compl. ¶ 13. Fictional Doe defendants aside, the parties agree that Plaintiffs Gardiner and Rosedale are California corporations with their principal places of business in California and Defendant Crimson is a Colorado corporation with its principal place of business in Colorado. *See* 28 U.S.C. § 1332(a); *see* Compl. ¶¶ 8-10.

Nor do the parties dispute that a federal court exercising diversity jurisdiction applies the Federal Rules of Civil Procedure,[1] and the substantive law of the state in which it is located. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78 (1938). The parties agree that the Court applies the substantive laws of the state of California and California state law includes substantive Doe statutes. The facts are otherwise known to the parties and need not be repeated here.

By the instant motion to dismiss, Defendant asks the Court to dismiss Plaintiffs' complaint for lack of jurisdiction based on the presence of Doe defendants. *See* Fed. R. Civ. P. 12(b)(1).

The matter is ripe for review.

**LEGAL STANDARD**

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a defendant may move to dismiss for lack of subject matter jurisdiction. Under this rule, "[t]he party asserting federal subject matter jurisdiction bears the burden of proving its existence." *Chandler v. State Farm Mut. Auto Ins. Co.,* 598 F.3d 1115, 1122 (9th Cir. 2010); *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992). To succeed, the party carries the burden by proffering "the manner and degree of evidence required" at that stage of the litigation. *Lujan*, 504 U.S. at 561.

---

[1] Hereinafter, references to "Rules" are to the Federal Rules of Civil Procedure.

**DISCUSSION**

## I.  JUDICIAL NOTICE

Defendant Crimson requests that the Court take judicial notice of Palla Farms LLC's pleadings ("the Palla Complaint") in a state court action in which Crimson is also a defendant. *See* Doc. 12. Crimson does not allege that Gardiner Family or Rosedale Farming are involved in that action in any way.

When considering a motion to dismiss, the court ordinarily does not look beyond the four corners of the complaint. *See Lee v. City of L.A.,* 250 F.3d 668, 688 (9th Cir. 2001). Under Federal Rule of Evidence 201, however, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201. For instance, "[a] district court may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts." *Harris v. Cnty. of Orange,* 682 F.3d 1126, 1131-32 (9th Cir. 2012) (citing *Lee,* 250 F.3d at 689; *Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n. 2 (9th Cir. 2002)). Documents not attached to a complaint may be considered if no party questions their authenticity and the complaint relies on those documents. *Lee,* 250 F.3d at 688.

Here, the Plaintiffs' complaint does not rely on the document at issue. *See* Doc. 1. Rather, Crimson highlights that the Palla Complaint shares a defendant with the instant action, implying that the two cases necessarily share other defendants and these other defendants destroy diversity. However, the state court case was brought by an unrelated plaintiff. Despite factual similarities between the two cases, there is no indication in the Palla Complaint that Plaintiffs Gardiner Family and Rosedale Farming make the same factual allegations as Palla Farms did against such third parties. Indeed, different land is involved. Palla Farms may have pleaded that such defendants were involved in activity in relation to their farm, but it cannot be said based on their pleading that it is generally known in this jurisdiction that the third parties are involved in activities related to the Gardiner Family or Rosedale Farming farms. In other words, there is a reasonable question of fact whether the other defendants named in the state action are in any way involved in the instant action.

Moreover, although the plaintiffs in the two cases share counsel and the legal principles may be the same, the circumstances do not necessarily demonstrate shared facts. The Court finds that it is reasonably subject to dispute whether the same defendants are involved. Under Federal Rule of Evidence 201, the Court concludes that it is inappropriate to judicially notice such disputed facts.

Accordingly, the Court declines to take judicial notice of facts alleged in pleadings in that different case. *See Pollstar v. Gigmania, Ltd.,* 170 F. Supp. 2d 974, 978-79 (E.D. Cal. 2000) (finding no authority for judicial notice of pleadings in an unrelated case). Defendant's request for judicial notice (Doc. 12) is DENIED.

## II.    JURISDICTION

The single question put to the Court in Crimson's motion to dismiss is whether a plaintiff's Doe pleading defeats original diversity jurisdiction as a matter of law. In support, Crimson relies upon *Garter-Bare Co. v. Munsingwear, Inc.*, 650 F.2d 975, 981 (9th Cir. 1980) (finding that mere presence of Doe defendants destroys diversity jurisdiction).

Plaintiffs counter that their use of Doe defendants does not destroy diversity, citing *Lindley v. Gen. Elec. Co.,* 780 F.2d 797 (9th Cir. 1986) (holding that California's so-called "Doe" statutes are substantive law and as such are applied under the *Erie* doctrine). Plaintiffs cite a string of cases starting with *Macheras v. Ctr. Art Galleries--Hawaii, Inc.,* 776 F. Supp. 1436, 1438 (D. Haw. 1991), that follow this legal principle. Plaintiffs argue that a district court must allow the use of Doe defendants as provided under substantive California law. *See* Cal. Civ. Proc. Code § 474.

The Ninth Circuit decided *Lindley* in 1986, finding that California's "Doe" statutes, § 474, are substantive state law and concluding that a benefit derived from the state's substantive laws are applied in federal court, under the *Erie* doctrine, when a federal court is sitting in diversity. 780 F.2d at 800-01. The court reasoned that "the absence of a federal pleading mechanism comparable to section 474 should not deprive a plaintiff of the extension of the limitations period provided under California Doe practice." *Id.* at 802 (citing *Rumberg v. Weber Aircraft Corp.,* 424 F.Supp. 294, 298 (C.D. Cal. 1976) (Pregerson, J.)). The circuit court specifically found that "[a] contrary rule would be a departure from *Erie Railroad Co. . . .* , and its progeny, particularly *Guaranty Trust*

*Co. v. York,* 326 U.S. 99 (1945), because it would result in the abridgment of substantive rights under state statutes of limitations." *Id.* (citations omitted).

Defendant's motion hinges on ignoring the Ninth Circuit's decision in *Lindley* and applying instead its prior decision in *Garter-Bare*, in which it held that generally, in an original federal action brought solely on the basis of diversity jurisdiction under § 1332(a), a plaintiff's use of fictitious Doe defendants necessarily defeats diversity and a district court thus lacks jurisdiction. 650 F.2d at 981; *see also Molnar v. National Broadcasting Co.,* 231 F.2d 684, 687 (9th Cir. 1956); *see also Fifty Associates v. Prudential Insurance Co. of America,* 446 F.2d 1187, 1191 (9th Cir 1970) (finding that a plaintiff cannot affirmatively demonstrate complete diversity if the identity and citizenship of fictional defendants are unknown). Defendant argues that despite *Lindley*, *Garter-Bare* controls.

Federal courts acknowledge the split between those courts which subscribe to the principle that a federal court must allow Doe pleading under state substantive law, post-*Lindley,* and others that exercise the *Garter-Bare* rule against Doe pleading. *See, e.g., Ferm v. McCarty,* No. 2:12-CV-00782-GMN, 2013 WL 800536, at *5 (D. Nev. Jan. 28, 2013) *report and recommendation adopted,* No. 2:12-CV-00782-GMN, 2013 WL 800819 (D. Nev. Feb. 20, 2013) (noting that *Lindley* led to a split in how district courts determine the effect of pleading Doe defendants on diversity jurisdiction); *Universal Commc'n Sys., Inc. v. Lycos, Inc.,* 478 F.3d 413, 426 n. 10 (1st Cir. 2007) (noting that "Federal courts do not agree on whether John Does are permitted in diversity cases originally filed in federal court," but declining to reach the issue) (collecting cases); *Doe v. Ciolli,* 611 F.Supp.2d 216, 219 (D.Conn. 2009) ("Federal courts are divided on the question of whether the existence of unidentified or 'Doe' defendants defeats diversity jurisdiction.").

There are three complicating factors. First, *Garter-Bare*, decided 1980, predates Congress's 1988 amendment to § 1441(b)(1), which itself came on the heels of the Ninth Circuit's decision in *Bryant v. Ford Motor Co.,* 844 F.2d 602 (9th Cir. 1987) (*Bryant II*) *vacated,* 886 F.2d 1526 (9th Cir. 1989). In *Bryant II*, the court held that the mere presence of Doe defendants destroys diversity jurisdiction. *Id.* at 605. *Bryant II* had significant negative externalities; it allowed plaintiffs to strategically name Doe defendants to manipulate keeping their cases in state court. To address the

forum selection problem created by *Bryant II*, Congress added the following language to § 1441: "[i]n determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1); *see also Bryant v. Ford Motor Co.,* 886 F.2d 1526, 1527 (9th Cir. 1989) (noting that "Congress obviously reached the conclusion that doe defendants should not defeat diversity jurisdiction"). Second, Congress did not amend § 1332, despite the pre-*Bryant* doctrine's similar deleterious effect on cases originally filed in federal courts sitting in diversity. In a final wrinkle, in the wake of the amendment to § 1441, the Ninth Circuit vacated *Bryant II, see* 886 F.2d 1526, causing the doctrine to revert to the form it held after *Garter-Bare*, which the court in *Bryant II* had only recently characterized as unworkable and "riddled with exceptions," making it "near-impossible" for a court to determine "when the allegations against Doe defendants are specific enough to defeat diversity." *Bryant II,* 844 F.2d at 605. Consequently, courts were (and are) left to wrestle with three problems, how to: (1) reconcile *Garter-Bare* with *Lindley* and the *Erie* doctrine; (2) negotiate the "near-impossible" labyrinth of exceptions to the Doe pleading rule; and, (3) resolve the effect of Doe pleading on those cases brought under § 1332, if at all differently from those brought under § 1441.

A.  Reconciling the Historical Jurisprudence

Numerous courts understood that applying *Garter-Bare* produces an absurd and inefficient procedural dance. For instance, in *Macheras*, the court considered whether a district court sitting in diversity should "continue to hold to the pre-*Bryant* rule that Doe defendants destroy diversity jurisdiction under § 1332." 776 F. Supp. at 1438. The court found that "at least two strong reasons . . . militate against such a holding." *Id.* First, the court could not reconcile the pre-*Bryant* doctrine with the Ninth Circuit's more recent decision in *Lindley*, reasoning that applying *Garter-Bare* would render *Lindley* "meaningless for cases brought under § 1332," because it would produce the perverse result that "would-be federal plaintiffs, who seek to exercise their rights under the state Doe statutes, would, paradoxically, be confined to state court." *Id.* at 1439-40. Second, the court noted the same problem Congress addressed in its amendment to § 1441. That is to say, if including Doe defendants necessarily destroys diversity then, to exercise the Doe statutes, a plaintiff is not only forced to state court but, as a result, "defendants [have a] forum selection advantage." *Id.* at

1440. Indeed, under certain conditions, "defendants have the unilateral power to determine the forum."[2] *Id.* On the paradox created by *Lindley* and *Garter-Bare*, another court summarized:

> [O]nce a court applies the [California] Doe Defendant statute—i.e. allows a plaintiff to include Doe Defendants—the court, under *Garter-Bare Co.,* would have to simultaneously dismiss the action for lack of subject matter jurisdiction. This could not have been the intent of Ninth Circuit in deciding *Lindley.*

*Fat T, Inc. v. Aloha Tower Associates Piers 7, 8, & 9,* 172 F.R.D. 411, 414 (D. Haw. 1996). The court concluded that, "[i]nstead, a more sensible approach would be to allow Doe Defendants while deferring the jurisdictional question until actual parties are substituted." *Id.*

The weight of case law follows this logic. Courts have recognized, in light of *Lindley*, that applying *Garter-Bare* runs contrary to the *Erie* doctrine, and on that basis have concluded that Doe pleading does not necessarily defeat federal diversity under § 1332. *See, e.g., Carroll v. Hilton,* No. CIV. 14-00456 JMS, 2015 WL 1863054, at *1 (D. Haw. Apr. 22, 2015) (applying the reasoning of *Center Art Galleries* and *Fat T*, finding that Doe defendants are disregarded in a court's diversity jurisdictional analysis); *accord Pac. Mar. Freight, Inc. v. Foster,* No. 10-CV-0578-BTM-BLM, 2010 WL 3339432, at *3 (S.D. Cal. Aug. 24, 2010) (holding that Doe defendants do not presumptively destroy diversity, reasoning that *Garter-Bane* is outdated precedent inconsistent with *Lindley*); *Bailey v. United States,* 289 F. Supp. 2d 1197, 1209 (D. Haw. 2003) (finding that "Doe pleading in diversity cases is allowed" because "federal courts look to state law on Doe Defendants in diversity cases"); *W. v. State Farm Mut. Auto. Ins. Co.,* No. CV 10-132-M-DWM-JCL, 2011 WL 2559966, at *25 (D. Mont. June 28, 2011) *report and recommendation adopted,* No. CV 10-132-M-DWM, 2011 WL 2961626 (D. Mont. July 20, 2011) *aff'd,* 489 F. App'x 153 (9th Cir. 2012) (concluding that use of fictitious defendants does not automatically destroy diversity, and denying motion to dismiss for lack of substantive jurisdiction).

Similarly, in a recent case out of this district, the court found that a federal court sitting in diversity must apply the state's Doe defendant statute, and that *Lindley* made clear that "the absence

---

[2] The Court notes that the instant Defendant is a Colorado corporation and that, "[t]raditionally, diversity jurisdiction has been viewed as serving the interest in protecting out-of-state defendants from potential state-court bias in favor of local plaintiffs." *Lee v. Am. Nat. Ins. Co.,* 260 F.3d 997, 1005 (9th Cir. 2001) (citing Wright, Miller & Cooper, *Federal Practice & Procedure* § 3601 (2d ed. 1984)).

of a federal pleading mechanism comparable to [a particular section of the California Code of Civil Procedure] should not deprive a plaintiff of [the benefits] provided under California Doe practice. A contrary rule would be a departure from *Erie Railroad Co. v. Tompkins* and its progeny . . . because it would result in the abridgement of substantive rights under state statutes of limitations." *Pena v. Taylor Farms Pac., Inc.,* No. 2:13-CV-01282-KJM-AC, 2014 WL 1665231, at *3 (E.D. Cal. Apr. 23, 2014) (citations omitted).[3]

This Court finds unpersuasive the few unpublished orders which show that some courts continue to follow *Garter-Bare* without resolving the *Lindley*-created paradox. *See, e.g.,Wong v. Rosenblatt,* No. 3:13-CV-02209-ST, 2014 WL 1419080, at *4 (D. Or. Apr. 11, 2014) (dismissing action without prejudice because of the presence of Doe Defendants, reasoning that *Garter-Bare* controlled because the Ninth Circuit has not explicitly extended *Lindley*'s rationale to original federal action); *Hung v. Tribal Technologies,* No. C 11-04990 WHA, 2012 WL 33253, at *1 (N.D. Cal. Jan. 6, 2012) (same) *rev'd on other grounds,* 577 F. App'x 650 (9th Cir. 2014); *Assurance Indus. Co. v. Snag, Inc.,* No. C 10-1718 SBA, 2010 WL 4055925, at *2 (N.D. Cal. Oct. 14, 2010) (without analyzing the application of substantive California Doe statutes, finding *Garter-Bare* binding, yet noting that other courts have resolved the matter to the contrary). In these, the courts assert the general rule as a bludgeon, without resolving, and in some instances simply ignoring, the paradox created by the Ninth Circuit's decision in *Lindley.*

Rather, the Court agrees with the reasoning in *Hao v. Chen,* No. 10-CV-00826-LHK, 2010 WL 3910165 (N.D. Cal. Oct. 5, 2010), in which the court acknowledged the *Garter-Bare* rule, but found that "more recent decisions call this rule into question" because "under *Lindley,* a federal court sitting in diversity is required to apply the state's Doe defendant statute, yet once a plaintiff includes Doe defendants pursuant to such a statute, the court would be required to dismiss the matter for lack of subject matter jurisdiction under *Garter-Bare Co.*" *Id.* at *4. As this Court does, the court "agreed with courts in Hawaii and California that the more sensible approach is to permit Doe defendants and to defer the jurisdictional question until actual parties are substituted." *Id.*

---

[3] Ninth Circuit Rule 36-3 states that unpublished dispositions of the Court of Appeals for the Ninth Circuit issued before January 1, 2007 "may not be cited to or by the courts of this circuit" except in limited circumstances inapplicable here. While the unpublished cases cited herein do not implicate Rule 36-3, the Court notes that it cites to unpublished cases not as precedent, but for their persuasive value and to illustrate the contours of the controversy.

(citations omitted). Judge Koh noted, "this approach is also consistent with the revisions to the removal statute [§ 1441] that occurred since *Garter-Bare Co.* and which provide that Doe defendants do not destroy diversity in the removal context." *Id.* (citing *Bryant,* 886 F.2d at 1527).

There is no getting around that the Ninth Circuit plainly held that California "Doe" statutes are substantive law. *Lindley*, 780 F.2d at 799-81. Nor can this Court ignore the *Erie* doctrine which requires a federal court to apply state substantive law in diversity actions. *See Erie R.R. Co.,* 304 U.S. at 78. Because *Garter-Bare* was decided before the Ninth Circuit reached these issues, it cannot operate in the way Defendant suggests. The Court finds Plaintiffs' use of fictional defendants is consistent with California state substantive law. *See* Cal. Civ. Proc. Code § 474.

For the foregoing reasons, the Court concludes that Plaintiffs' use of fictional defendants does not destroy diversity and does not divest the district court of jurisdiction.

B.  Exceptions

Even if *Garter-Bare* governed, however, it does not operate in a vacuum. The Ninth Circuit abrogated its overruling of all of the cases creating exceptions to the general rule on Doe pleading. *See Bryant v. Ford Motor Co.,* 886 F.2d 1526, 1533 n.9 (9th Cir. 1989) (vacating *Bryant II*). Thus, various exceptions live on. *See, e.g., Grigg v. Southern Pac. Co.,* 246 F.2d 613, 619 (9th Cir. 1957) (disregarding Does is proper in a diversity jurisdiction determination if the court finds that Does are wholly fictitious); *Chism v. National Heritage Life Ins. Co.,* 637 F.2d 1328, 1330 (9th Cir. 1981) (disregarding Does is proper when charges against the Does are so general as to give no clue of their identity or relationship to the action); *Hartwell Corp. v. Boeing Co.,* 678 F.2d 842, 842-43 (9th Cir. 1982) (same); *see also Othman v. Globe Indem. Co.,* 759 F.2d 1458, 1463 (9th Cir. 1985) (finding Doe pleading does not divest a district court of jurisdiction when Does are not indispensable parties and serve no other purpose than protecting plaintiffs under California pleading practice); *see also Kruso v. Int'l Tel. & Tel. Corp.,* 872 F.2d 1416, 1424 (9th Cir. 1989) (a finding that the Doe defendants were "shams" precludes the necessity for remand). The question therefore becomes whether the Plaintiffs' description of Doe defendants or their activities is specific enough as to suggest their identity, citizenship, or relationship to the action.

//

9

To the contrary, Plaintiffs' Complaint gives no reasonable indication as to the Doe defendants' relationship to the action. Plaintiffs use "Does 1through 50," absent details about their possible identity or citizenship, nor do they give any other information from which the Court could glean this information. *See* Doc. 1, ¶¶ 11, 12. The Court finds Does 1 through 50 wholly fictitious. The Court concludes that where, as here, the charges against the Does are so general that no clues exist as to their identity, citizenship, or relationship to the action, the Court may disregard these fictitious defendants for jurisdictional purposes. *See Grigg*, 246 F.2d at 619; *see also Chism,* 637 F.2d at 1330.

## III.   CONCLUSION AND ORDER

Although Defendants are correct that *Lindley* did not specifically extend its rationale to original federal action, it need not have. In *Lindley*, the Ninth Circuit specifically held that California Doe statutes (relative to a benefit derived under those statutes) are substantive law. 780 F.2d at 800-01. In doing so, the court presumptively recognized that a plaintiff is entitled to use Does under state law. Where, as here, a district court applies state substantive law in an action brought under § 1332, it rests on the same principle: a plaintiff is entitled to the benefit of the California "Doe" statutes which allow the use of fictional defendants at this stage of the litigation. *See* Cal. Civ. Proc. Code § 474. That the *Lindley* court did not explicitly address the exact context now before this Court is of no mind. Federal procedural rules set threshold requirements for entry to federal court, substantive state law is applied once inside. *See Erie R.R. Co.,* 304 U.S. at 78. Said another way, substantive state laws are not federal procedural law. Because a plaintiff may use fictional defendants under substantive California state law, and federal courts are bound under the *Erie* doctrine to use that law, the corollary is that a district court may not use the substantive state law as a barrier to federal court as if it were procedural law.

Even assuming, *arguendo*, that *Garter-Bare* controls, exceptions to its rule apply and the Court may disregard the Doe pleading. The Court is not divested of jurisdiction on these grounds. Should Plaintiffs amend the Complaint to in any way identify Does 1 through 50, Rule 12(h)(3) provides that a court may raise, *sua sponte*, the question of subject matter jurisdiction at any point in the litigation prior to final judgment. *Snell v. Cleveland, Inc.,* 316 F.3d 822, 826 (9th Cir. 2002).

Accordingly, **IT IS HEREBY ORDERED** that Defendants' motion to dismiss for lack of jurisdiction is **DENIED**.

IT IS SO ORDERED.

Dated:   **September 24, 2015**          **/s/ Lawrence J. O'Neill**
                                         UNITED STATES DISTRICT JUDGE

11