1  R. Rex Parris Esq. (SBN 96567)
   rrexparris@rrexparris.com
2  Patricia K. Oliver, Esq. (SBN 193423)
   poliver@rrexparris.com
3  Alexander R. Wheeler, Esq. (SBN 239541)
   awheeler@rrexparris.com
4  **R. REX PARRIS LAW FIRM**
   43364 10th Street West
5  Lancaster, California 93534
6  Tel: (661) 949-2595; Fax: (661) 949-7524

7  David S. Casey, Jr., Esq. (SBN 060768)
   dcasey@cglaw.com
8  Gayle M. Blatt, Esq. (SBN 122048)
9  gmb@cglaw.com
   Jeremy Robinson, Esq. (SBN 188325)
10 jrobinson@cglaw.com
   Jason C. Evans, Esq. (SBN 272932)
11 jevans@cglaw.com
12 **CASEY GERRY LLP**
   110 Laurel Street
13 San Diego, California 92101
   Tel: (619) 238-1811; Fax: (619) 544-9232
14

15 *[Additional Counsel Shown on the Following Page].*

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARDINER FAMILY, LLC, a California Limited Liability Company, and ROSEDALE FARMING GROUP, LLC a California Limited Liability Company;<br><br>Plaintiffs,<br><br>v.<br><br>CRIMSON RESOURCE MANAGEMENT CORP., a Colorado Corporation; and DOES 1 through 50;<br><br>Defendants. | Case No.   1:15-cv-00751-DAD-JLT<br><br>**ORDER GRANTING STIPULATED PROTECTIVE ORDER AS MODIFIED BY THE COURT**<br><br>**(Doc. 33)** |

JOINT PROPOSED PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION

# ADDITIONAL COUNSEL

Frank M. Pitre, Esq. (SBN 100077)
fpitre@cpmlegal.com
Robert B. Hutchinson, Esq. (SBN 045367)
rhutchinson@cpmlegal.com
Stewart R. Pollock, Esq. (SBN 301356)
spollock@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577


George Martin, Esq. (SBN 51111)
gmartin@bortonpetrini.com
**LAW OFFICES OF GEORGE MARTIN, INC.**
5060 California Ave., Ste 700
Bakersfield, California 93303-2026
Telephone: (661) 322-3051
Facsimile: (661) 322-4628


Don Ernst, Esq. (SBN 065726)
de@ernstlawgroup.com
Terry Kilpatrick, Esq. (SBN 163197)
tk@ernstlawgroup.com
**ERNST LAW GROUP**
1020 Palm Street
San Luis Obispo, California 93401
Telephone: (805) 541-0300
Facsimile: (805) 541-5168


Attorneys for Plaintiffs

To ensure that confidential information produced in connection with this matter is not improperly used or disclosed, IT IS HEREBY ORDERED that the following Protective Order ("Order") governs Confidential Information (as defined below) produced by the parties and any third party in the above-captioned proceeding:

1. As used in this Order:

    a. "Confidential Information" includes any document or information designated "CONFIDENTIAL" (or with any legend that includes the word "Confidential") as well as any summaries, abstracts or other documents including, summarizing or referring to documents or information so designated. Confidential Information includes any document or information containing trade secrets or other confidential research or development, or confidential business or personal financial information that may be used to the economic disadvantage of any party to this litigation, or information that is otherwise entitled to protection under Federal Rules of Civil Procedure section 501 or under any other provisions of federal law.

    b. "Document" has the meaning contained in Federal Rules of Civil Procedure sections 26 and 34 and includes any recorded forms of information, whether in printed, electronic, or other format, including deposition transcripts; answers to interrogatories; and other discovery requests.

    c. "Proceeding" refers to the above-captioned action, *Gardiner Family, LLC, et al. v. Crimson Resource Management Corp.* Case No. 1:15-cv-00751-DAD-JLT. It includes any cases subsequently coordinated with the Proceeding.

2. The parties, in conducting discovery from a third party, will attach to such discovery requests a copy of this Order so as to apprise such third party of its rights herein.

3. All documents and information produced in this Proceeding, regardless of designation, will be used solely and exclusively for the purposes of litigating this Proceeding and any subsequent appeals and for no other purpose whatsoever, and in no event will be used for any business, competitive, personal, private, public, or other purpose, except as required by law.

4. The parties and third parties, upon producing documents or information, including

electronically stored information (the "Producing Party"), may designate documents or information produced or disclosed as "CONFIDENTIAL". Parties will make these designations in good faith. Information or material which is available to the public, and non-confidential information obtained from sources other than the parties, including but not limited to catalogues, advertising materials, and the like, shall not be classified or designated as "CONFIDENTIAL".

    a.    Documents, discovery responses, pleadings, affidavits, deposition transcripts, or testimony will be subject to the provisions of this Order if they have been designated clearly on their face as "CONFIDENTIAL". The designation should not obscure or interfere with the legibility of the designated document, discovery response, pleading, affidavit, deposition transcript, or testimony. If it is difficult to mark such documents as "CONFIDENTIAL" on their face, then some other method (by mutual agreement by the parties) may be used to indicate their confidentiality.

        1.    For documents (apart from transcripts of depositions or other pre-trial proceedings), the designation "CONFIDENTIAL" must be placed on each page of containing such designated material. A party that makes original documents or materials available for inspection need not designate them as Confidential Information until after the inspecting party has indicated which materials it would like copied and produced. During the inspection and before the designation and copying, all of the materials made available for inspection shall be considered Confidential Information.

        2.    For testimony given in depositions the "CONFIDENTIAL" designation may either be identified on the record, before the close of the deposition by specifying all portions of the testimony that qualify as "CONFIDENTIAL", or the entirety of the deposition may be designated as "CONFIDENTIAL" prior to the conclusion of the deposition with the understanding that more specific portions of the deposition testimony must be identified by written notice to opposing counsel and the court reporter within fourteen (14) days following receipt of the final deposition transcript. The parties

will treat the deposition transcript as "CONFIDENTIAL" until the fourteen (14) day period has expired. If no such designations are made within fourteen (14) days of receipt of the final transcript, the transcript will not be subject to the provisions of this Order. In circumstances where portions of the deposition testimony are designated for protection, the transcript pages containing "CONFIDENTIAL" information must be separately bound by the court reporter, who must affix to the top of each page the legend "CONFIDENTIAL" as instructed by the designating party. If any portion of a videotaped deposition is designated "CONFIDENTIAL" pursuant to this Order, the physical videocassette, CD-ROM, or other medial will be labeled "CONFIDENTIAL".

      3.      For information produced in some form other than documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the designating party must affix in a prominent place on the exterior of the container or containers, in which the information or item is stored, the designation "CONFIDENTIAL". If only portions of the information or item warrant protection, the designating party, to the extent practicable, shall identify the "CONFIDENTIAL" portions.

      b.      Where any Confidential Information is included in any motion or other proceeding governed by Federal Rules of Civil Procedure section 5.2, the Parties and any involved non-party shall follow those rules. With respect to discovery motions or other proceedings not governed by Federal Rules of Civil Procedure section 5.2, the following shall apply: If Confidential Information is submitted to or otherwise disclosed to the Court in connection with discovery motions and proceedings, <u>and the disclosing party is obligated to seek sealing, the party SHALL comply with Local Rule 141. Absent compliance with Local Rule 141, no documents will be filed under seal.</u> ~~the same shall be separately filed under seal with the clerk of the Court in a sealed envelope. On the outside of the envelope, a copy of the first page of the document shall be attached. If Confidential Information is included in the first page attached to the outside of the~~

~~envelopes, it may be redacted from the outside copy. The envelope shall also be marked: "CONFIDENTIAL – FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER AND WITHOUT ANY FURTHER SEALING ORDER REQUIRED."~~

c. The Parties shall meet and confer regarding the procedures for use of any Confidential Information at trial and shall move the Court for entry of an appropriate order.

d. Documents, testimony, or information designated as "CONFIDENTIAL" may only be disclosed to the following with use of such Confidential Information limited to this Proceeding:

1. All judicial officers presiding in this Proceeding (including any subsequent appeals) and their staff;

2. Other court personnel including translators and court reporters (including audio and video);

3. Special masters;

4. Mediators;

5. Counsel for the parties in this Proceeding and their staff (including any commercial photocopying firms and database services retained by Counsel);

6. In-house counsel for the parties in this Proceeding and their staff;

7. Consulting or testifying experts who have executed the Certification attached hereto as Exhibit A. Parties must produce a Certification executed by each expert who has been provided Confidential Information at the time that expert is designated. Parties need not produce the executed Certification for consulting experts or any expert not designated by a party whom has been shown Confidential Information. Instead, at the time of expert disclosures, then lead attorney for the party making the disclosures must certify that all consulting experts who have been given or have reviewed Confidential Information have executed the required Certificate.

8. Direct staff of the foregoing persons (those listed in 1-7);

9. Any juror;

10. Current employees of the Producing Party;

11. Former employees of the Producing Party at a deposition who appear based on the Confidential Information itself or testimony in a deposition to have knowledge of the contents of the Confidential Information or the specific events, transactions, discussions, or data reflected in the Confidential Information, provided that the deponent is not allowed to retain a copy of the Confidential Information. The deponent may retain a copy of his or her deposition transcript;

12. To any other deponent where the disclosure of the Confidential Information may be reasonably calculated to lead to the discovery of admissible evidence, provided that the Producing Party agrees to the disclosure or such individual agrees to be bound by the terms of this Order and executes a Certification attached as Exhibit A prior to being shown the Confidential Information and the deponent is not allowed to retain a copy of the Confidential Information;

13. Persons identified in a document as an author or recipient at the time the material was created or received;

14. Attorneys actively involved in the representation of a Party, their secretaries, paralegals, legal assistants, and other staff actively involved in assisting in the Litigation;

15. Others specifically identified and authorized in writing by the Producing Party.

5. Nothing in this Order prevents a Producing Party from using or disclosing its own documents or information as necessary in normal business operations without impairing the confidentiality obligations imposed upon all other parties and persons subject to this Order.

6. Disclosure of documents or information produced in this Proceeding, including but not limited to documents containing Confidential Information, will only be for the purposes of litigating this Proceeding and any subsequent appeals and for no other purpose whatsoever.

7. If counsel for a party plans to introduce into evidence at a pre-trial hearing any document designated "CONFIDENTIAL" produced by another party or a third party, they will provide reasonable advance notice to the other party or third party for the purposes of allowing that designating party to seek an order that the documents be granted in camera treatment. Nothing contained in this Order should be construed to prejudice any party's right to use at trial or in any hearing before the Court any Confidential Information.

8. The inadvertent or unintentional failure to designate Confidential Information as "CONFIDENTIAL" by the Producing Party does not constitute a waiver in whole or in part of the Producing Party's claim of confidentiality, either as to the specific document or information disclosed or as to any other documents or information relating thereto or on the same or related subject matter. Upon the Producing Party's discovery that a document or information was not correctly designated, the Producing Party will provide notice to the other parties that the document or information was inappropriately designated and promptly produce a new copy of the document stamped "CONFIDENTIAL."  Once notice of inadvertent or unintentional failure to designate Confidential Information is made, the document or information will be treated as Confidential Information.

9. If one of the Parties reasonably believes that any document or information should not have been designated as "CONFIDENTIAL", that party must specify, in writing, to the Producing Party: (a) the document or information at issue; and (b) the grounds for questioning the confidentiality designation. The challenging party and the Producing Party must meet and confer in good faith to attempt to resolve the designation without the Court's intervention. Upon written notice to the Producing Party that the disagreement with respect to the designation cannot be resolved informally, the Producing Party has ten (10) days to move the Court for an order designating the material as confidential. If the Producing Party does not move the Court, the disputed documents will no longer be designated "CONFIDENTIAL". Nothing in this paragraph should be construed as changing the burden of proof set forth in the Federal Rules of Civil Procedure. A party will not be obligated to challenge the propriety of a Confidential Information designation at the time made, and a failure to do so does not preclude any subsequent challenge.

10. Unless otherwise required by law, if any party has obtained "CONFIDENTIAL" documents pursuant to this Order and, in the context of another court proceeding or investigation, receives a subpoena or other compulsory process commanding the production of such documents, or a motion compelling designated items, that party shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the designating party, and shall furnish such counsel with a copy of the subpoena, request, or motion. Upon receipt of this notice, the designating party may, in its sole discretion and at its own cost, move to quash or limit the subpoena, otherwise oppose production of the designated items, and/or seek to obtain confidential treatment of such items from the subpoenaing, moving, or requesting person or entity to the fullest extent available under law. The recipient of a subpoena or request may not produce any designated items prior to the date specified for production on the subpoena or request, to afford the designating party sufficient time to protect such material from disclosure. If a court nonetheless orders the production of documents that are subject to this Order, then production of such documents pursuant to that court order will not be deemed a violation of this Order. Nothing contained in this paragraph is intended to indicate that any other court order would have priority over this Order. Moreover, nothing contained herein waives any party's objection to the jurisdiction of the other court.

11. After termination of this Proceeding, entry of a final judgment, whether by trial, appeal, settlement or otherwise, and after the termination of all appeals and the time to file any further appeals has passed, the provisions of this Order with respect to the use and dissemination of Confidential Information continue to apply. Additionally, within sixty (60) days of termination of the proceeding, any party that has disclosed Confidential Information to an expert witnesses must:

   (1) obtain all such Confidential Information, except the expert's deposition transcript(s) from the expert or ensure that the expert has destroyed all Confidential Information, except the expert's deposition transcript(s), and (2) send a certification to the producing party that the expert has returned or destroyed all Confidential Information,

except the expert's deposition transcript(s). Even following termination of this litigation, the Court retains jurisdiction over the parties and recipients of Confidential Information in order to enforce the provisions of this Order.

12. If a party or any of its representatives, including counsel, inadvertently discloses any Confidential Information to persons who are not authorized to use or possess such material, the party shall provide immediate written notice of the disclosure to the Producing Party. If a party has actual knowledge that Confidential Information is being used or possessed by a person not authorized to use or possess that material, regardless of how the material was disclosed or obtained by such person, the party shall provide immediate written notice of the unauthorized use or possession to the party whose material is being used or possessed. No party shall have an affirmative obligation to inform itself regarding such possible use or possession.

13. Inadvertent production of any document that a party later claims should not have been produced because of a privilege, including but not limited to the attorney-client privilege or work product doctrine ("Inadvertently Produced Privileged Document"), will not be deemed to waive any privilege. The designating party may request the return of any Inadvertently Produced Privileged Document. A request for the return of an Inadvertently Produced Privileged Document should identify the document inadvertently produced and the basis for withholding such document from production. If a party or nonparty requests the return, pursuant to this paragraph, of any Inadvertently Produced Privileged Document then in the custody of another party or nonparty, such other party will within ten (10) business days return to the requesting party or nonparty the Inadvertently Produced Privileged Document and all copies thereof and destroy any documents summarizing or referring to such Inadvertently Produced Privileged Document. The party returning such material may then move the Court for an order compelling production of the material, but that party may not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

14. Nothing herein governs the procedures to be used at trial, which will be set by this Court immediately preceding the commencement of trial.

15. Nothing in this Order should be construed to effect an abrogation, waiver, or

limitation of any kind on the right of the parties or third parties to assert any applicable discovery or trial privilege.

16. Nothing herein creates a presumption or implication that a party is entitled to the production of documents or materials by virtue of the existence of this Order, or prevent a party from seeking relief from the Court on discovery related matters.

17. Nothing in this Order bars or otherwise prevents any counsel from rendering advice to his or her client with respect to this litigation and, in the course of rendering such advice, from relying upon his or her examination or knowledge of Confidential Information; provided however, that in rendering such advice and in otherwise communicating with his or her client, such counsel does not disclose the contents or source of any Confidential Information produced by another party to this litigation to any person who is not authorized to receive such information under the provisions of this Order.

18. The Court retains jurisdiction to enforce or, upon stipulation of the parties to this action, to amend or modify, this Order. This Order remains in force and effect until modified, superseded, or terminated by the consent of the parties or by order of the Court made upon reasonable request.

IT IS SO ORDERED.

Dated: __**January 4, 2016**__          _____**/s/ Jennifer L. Thurston**_
                                        UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**ACKNOWLEDGMENT OF PROTECTIVE ORDER
GOVERNING CONFIDENTIAL MATERIAL**

Name:_____

Company/Firm Affiliation:_____

Address:_____

Telephone:_____

    I have read and acknowledge that I am bound by the Protective Order governing confidential material entered in this Proceeding. I agree that the U.S. District Court for the Eastern District of California has jurisdiction to enforce the terms of the Protective Order, and I consent to the jurisdiction of that Court over my person for that purpose. I also waive any objection to the laying of venue or based on the grounds of forum non conveniens to the bringing of such action in the U.S. District Court for the Eastern District of California.

_____                                  _____
Signature                                                    Date

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28